UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TELEQUIP CORPORATION,

                              Plaintiff,

                      v.                              5:01-CV-1748
                                                                   (FJS/GJD)
THE CHANGE EXCHANGE; KORUS
TECHNOLOGIES; SEOUL INFORMATION
INDUSTRIAL, INC.; OPTIMAL
ROBOTICS CORPORATION; and
OPTIMAL ROBOTICS, INC.,

                              Defendants.
_____

**APPEARANCES**                                    **OF COUNSEL**

**WALL, MARJAMA & BILINSKI LLP**      **JAMES R. MULDOON, ESQ.**
101 South Salina Street, Suite 400
Syracuse, New York 13202
Attorneys for Plaintiff

**MINTZ, LEVIN, COHN, FERRIS,**        **PAUL J. HAYES, ESQ.**
**GLOVSKY & POPEO, P.C.**                  **EUGENE A. FEHER, ESQ.**
One Financial Center                          **PAUL J. CRONIN, ESQ.**
Boston, Massachusetts 02111
Attorneys for Plaintiff

**SEOUL INFORMATION**                    **NO APPEARANCE**
**INDUSTRIAL, INC.**
Defendant

**SCULLIN, Senior Judge**

## ORDER

       Currently before the Court is Plaintiff's motion for a permanent injunction against Defendant Seoul Information Industrial, Inc. ("Seoul") pursuant to 35 U.S.C. § 283. On November 14, 2003, the Court ordered Plaintiff to file a motion for default judgment regarding

the issue of Defendant's liability for infringing Plaintiff's U.S. Patent No. 5, 830,055 (the "'55 patent") and to serve the motion on Defendant in Korea. Although Plaintiff complied with this Order, Defendant Seoul did not file a response to the motion. On August 3, 2004, the Court issued a Memorandum-Decision and Order, in which it granted Plaintiff's motion for a default judgment against Defendant Seoul with respect to the issue of liability. In that same Order, the Court remanded the case to Magistrate Judge DiBianco to set a discovery schedule with respect to the issue of damages. The Court's amended schedule set January 1, 2006, as the close of discovery. On April 7, 2006, the Court ordered Plaintiff to submit a status report by April 21, 2006, which it did. *See id.* 28. Together with that status report, Plaintiff filed the instant motion.

Since Defendant Seoul has defaulted in this action, the Court accepts as true all of the well-pled factual allegations in Plaintiff's amended complaint. *See Bic Corp. v. First Prominence Co.*, No. 00 CIV. 7155, 2001 WL 1597983, *1 (S.D.N.Y. Dec. 10, 2001) (citations omitted). Thus, Defendant Seoul has admitted that Plaintiff is the owner of a valid patent, the '055 patent, *see* Affidavit of Paul J. Cronin, sworn to April 21, 2006, at Exhibit "A" at ¶ 12; that it has infringed and continues to infringe one or more claims of that patent by making, using, selling and/or offering for sale its coin/token changer products nationally and internationally, *see id.* at ¶ 13; that its acts of infringement are willful, *see id.* at ¶¶ 6, 13; and that its acts of infringement have caused, and will continue to cause, Plaintiff reparable and irreparable harm unless the Court enjoins Defendant Seoul, *see id.* at ¶ 14.

Section 283 of Title 35 of the United States Code provides that "[t]he several courts having jurisdiction of cases under this title may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the

court deems reasonable." 35 U.S.C. § 283. Under "well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief." *eBay Inc. v. MercExchange, L.L.C.,* 126 S. Ct. 1837, 1839 (May 15, 2006). To meet this burden,

> [a] plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*Id.* (citations omitted).

As the Court made clear in *eBay*, "[t]hese familiar principles apply with equal force to disputes arising under the Patent Act." *Id.*[1]

Moreover, courts have held that monetary damages are not an adequate remedy against future infringement because "'the principal value of a patent is its statutory right to exclude.'" *Honeywell Int'l, Inc. v. Universal Avionics Sys. Corp.*, 397 F. Supp. 2d 537, 546 (D. Del. 2005) (quotation omitted).[2] In addition, the fact that an infringing defendant has apparently, at least

---

[1] The Court notes that Plaintiff filed its papers prior to the Supreme Court's decision in *eBay*; and, therefore, Plaintiff relied upon the Federal Circuit's decision in that case for the proposition that the general rule in a patent case is that the prevailing party is entitled to a permanent injunction as a matter of law. *See MercExchange, L.L.C. v. eBay, Inc.*, 401 F.3d 1323, 1328 (Fed. Cir. 2005). The Supreme Court explicitly rejected that "general rule" in its decision, holding that the familiar principles that govern permanent injunctions in other types of cases also govern cases arising under the Patent Act. *See eBay*, 126 S. Ct. at 1839.

[2] This rule applies even in those situations in which the defendant's liability for patent infringement is established pursuant to a default judgment. *See, e.g., Tristrata Tech., Inc. v. Cardinal Health, Inc.*, No. 02-1290, 2004 WL 2223071, *1 (D. Del. Sept. 30, 2004); *Rates Tech. Inc. v. Redfish Telemetrix, Inc.*, No. 99-CV-4644, 2001 WL 1825854, *1-*3, *6-*8 (E.D.N.Y. Dec. 20, 2001).

temporarily, ceased its infringement is not a basis for the court to deny a permanent injunction against future infringement unless the evidence is very persuasive that the infringing defendant will not resume its infringement. *See W.L. Gore & Assocs. v. Garlock, Inc.*, 842 F.2d 1275, 1281-82 (Fed. Cir. 1988). Finally, public interest would not be disserved by the entry of a permanent injunction because "'without the right to obtain an injunction, the right to exclude granted to the patentee would have only a fraction of the value it was intended to have, and would no longer be as great an incentive to engage in the toils of scientific and technological research.'" *Honeywell Int'l*, 397 F. Supp. 2d at 547 (quotation omitted).

Applying these well-established principles to the well-pled allegations in Plaintiff's amended complaint, the Court finds that Plaintiff has satisfied the four-factor test necessary to warrant entry of a permanent injunction in this case. Accordingly, the Court hereby

**ORDERS** that, for the life of the '055 patent, Defendant Seoul is enjoined from making, using, selling, importing into the United States or offering to sell its coin/token changer products that infringe U.S. Patent No. 5, 830,055. Pursuant to this injunction, Defendant Seoul and each of its officers, agents, servants, employees, and attorneys and those persons in active concert or participation with one or more of the foregoing who receive actual notice of this Order by personal service or otherwise are prohibited from: (1) individually making, using, selling, importing into the United States or offering to sell any infringing coin/token changer, or any coin/token changer that is not colorably different; (2) jointly making, using, selling, importing into the United States or offering to sell any infringing coin/token changer, or any coin/token changer that is not colorably different; and (3) acting in concert with any third party, other than a licensee of Plaintiff, to make, use, sell, import into the United States or offer to sell any

infringing coin/token changer, or any coin/token changer that is not colorably different; and the Court further

**ORDERS** that Plaintiff shall serve a copy of this Order on Defendant Seoul Information Industrial, Inc. at its last known address.

**IT IS SO ORDERED.**

Dated: August 15, 2006
       Syracuse, New York

                                           Frederick J. Scullin, Jr.
                                           Senior United States District Court Judge