**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**TELEQUIP CORPORATION,**

                                        **Plaintiff,**

                  **v.**                                        **5:01-CV-1748**
                                                                **(FJS/GJD)**

**THE CHANGE EXCHANGE; KORUS**
**TECHNOLOGIES; SEOUL INFORMATION**
**INDUSTRIAL, INC.; OPTIMAL**
**ROBOTICS CORPORATION; and**
**OPTIMAL ROBOTICS, INC.,**

                                        **Defendants.**
_____

**APPEARANCES**                        **OF COUNSEL**

**MARJAMA & BILINSKI LLP**              **JAMES R. MULDOON, ESQ.**
250 Clinton Street, Suite 300
Syracuse, New York 13202
Attorneys for Plaintiff

**WEINGARTEN & SCHURGIN**               **PAUL J. HAYES, ESQ.**
Ten Post Office Square                  **PAUL J. CRONIN, ESQ.**
Boston, Massachusetts 02109             **EUGENE A. FEHER, ESQ.**
Attorneys for Plaintiff

**SEOUL INFORMATION**                   **NO APPEARANCE**
**INDUSTRIAL, INC.**
Defendant

**SCULLIN, Senior Judge**

### MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

        On November 14, 2001, Plaintiff filed this action for patent infringement against several

Defendants.  Subsequently, Plaintiff voluntarily dismissed one of the Defendants without

prejudice and settled its disputes with two other Defendants.  The only remaining Defendant is Seoul Information Industrial, Inc. ("Seoul").

Plaintiff made three attempts to serve Defendant Seoul with the summons and complaint in Korea through the Hague Convention on Service Abroad.  On its third attempt, Plaintiff succeeded.  Defendant Seoul, however, failed to appear; and the Clerk of the Court entered a Notice of Default against Defendant Seoul on November 6, 2003.  By letter dated November 14, 2003, the Court notified Plaintiff that it must file a motion for entry of a default judgment on the issue of liability or face dismissal of this action for want of prosecution.  Plaintiff filed a motion for default judgment on December 12, 2003, to which Defendant Seoul never responded.

On August 3, 2004, the Court granted Plaintiff's motion for default judgment with respect to the issue of Defendant Seoul's liability for patent infringement and remanded the case to Magistrate Judge DiBianco to set a discovery schedule with respect to the issue of damages.

During the discovery period, Defendant Seoul apparently moved its location again and, at least temporarily, ceased its infringing activities in the United States.  Plaintiff again attempted to locate Defendant Seoul in Korea and in the United States but was unsuccessful.

Recognizing that it would be difficult and expensive to try to locate Defendant Seoul in Korea and weighing the costs associated with conducting discovery, preparing expert reports and moving the Court for default judgment on the issue of damages, with no guarantee that it could ultimately collect such an award, Plaintiff decided to forego damages with respect to Defendant Seoul's past infringement.

When the discovery period expired, the Court, on April 7, 2006, ordered Plaintiff to submit a status report.  Plaintiff filed the requested report and moved the Court for a permanent

injunction pursuant to 35 U.S.C. § 283, which the Court granted on August 15, 2006.

Plaintiff now moves for an award of attorney's fees and costs in the amount of $31,054.87 pursuant to 35 U.S.C. § 285.

## II. DISCUSSION

Section 285 of Title 35 of the United States Code provides that "[t]he court **in exceptional cases** may award reasonable attorney fees to the prevailing party."  35 U.S.C. § 285 (emphasis added).  When a court considers a request for attorney's fees, it engages in a two-part inquiry.  *See Evident Corp. v. Church & Dwight Co., Inc.*, 399 F.3d 1310, 1315 (Fed. Cir. 2005). First, the court looks to see if "there is clear and convincing evidence that the case is exceptional . . . ." *Id.* (citations omitted).  Second, the court considers "whether an award of attorney fees to the prevailing part is warranted." *Id.* (citations omitted).  Thus, "a court must . . . predicate[] [such an award] upon something beyond the fact that the patent holder has prevailed . . . ." *Cargill, Inc. v. Sears Petrol. & Transport Corp.*, 388 F. Supp. 2d 37, 75 (N.D.N.Y. 2005) (citation omitted).

Furthermore, "[t]he exceptional case inquiry is focused heavily upon litigation conduct; '[e]xceptional cases are normally those involving bad faith litigation or those involving inequitable conduct by the patentee procuring the patent.'" *Id.* at 76 (quotation omitted).  Thus, although "bad faith and willfullness in connection with the underlying infringing conduct may support an exceptional case designation, . . ., it is not a necessary prerequisite." *Id.* (internal citation and other citation omitted).  "As the Federal Circuit has noted, '[l]itigation misconduct and unprofessional behavior are relevant to the award of attorney fees, and may suffice to make a

case exceptional under § 285.'" *Id.* (quotation omitted).

Factors that courts should consider to determine whether a case is exceptional include "whether 1) the infringing conduct was willful or intentional; 2) the losing party engaged in inequitable conduct before the Patent and Trademark Office; 3) offensive litigation tactics, including vexatious or unjustified litigation or frivolous filings, were employed; and 4) the losing party litigated in bad faith." *Id.* (citations omitted). Finally, "'[i]n assessing whether a case qualifies as exceptional, the district court must look at the totality of the circumstances.'" *Id.* (quotation omitted).

To support its contention that this is an "exceptional" case that warrants an award of attorney's fees, Plaintiff points to the following: (1) by failing to respond to Plaintiff's complaint or otherwise appear, Defendant Seoul is deemed to have admitted that it willfully infringed the '055 patent, *see* Plaintiff's Memorandum of Law at 5 (citation omitted); (2) Defendant Seoul avoided service in Korea, failed to appear once served, and disappeared somewhere in Korea after that time, *see id.* (citation omitted); and (3) Defendant Seoul's act of avoiding service caused Plaintiff to incur additional attorney's fees and costs, including the payment Plaintiff made to a Korean law firm for its assistance in locating Defendant Seoul in Korea, *see id.* at 6 (citation omitted).

Plaintiff cited only one case in which the court's finding of "exceptional" was based upon the willful infringement of defaulting defendants. *See Transclean Corp. v. Bill Clark Oil Co., Inc.*, No. Civ. 02-1138, 2005 WL 2406036, *4 (D. Minn. Sept. 29, 2005) (holding that, "[b]ecause the **Defaulting Defendants** willfully infringed the '080 Patent, the Court finds that

this is an exceptional case . . . ." (emphasis added)).[1]

Although not condoning Defendant Seoul's conduct, the Court notes that neither willful infringement nor defaults are unusual in patent infringement cases.  Moreover, after reviewing the totality of the circumstances, the Court concludes that this case is not exceptional and, therefore, it denies Plaintiff's motion for attorney's fees and costs pursuant to § 285.[2]


## III. CONCLUSION

After carefully reviewing Plaintiff's submissions, the relevant parts of the records, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Plaintiff's motion for attorney's fees and costs against Seoul Information Industrial, Inc. pursuant to 35 U.S.C. § 285 is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court enter judgment and close this case.

**IT IS SO ORDERED.**

Dated: February 26, 2007
       Syracuse, New York


_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge

_____

[1] The Court notes that, earlier this year, the Federal Circuit affirmed in part, reversed in part, and remanded *Transclean Corp.* to the district court.  *See Transclean Corp. v. Jiffy Lube Int'l, Inc.*, No. 06-1007, 2007 WL 117748 (Fed. Cir. Jan. 18, 2007).  This decision is significant because the Federal Circuit reversed the judgment against the defaulting defendants against whom the district court had awarded attorney's fees, finding that claim preclusion barred the plaintiff's claims against those defendants.

[2] The Court notes, however, that, as the prevailing party, Plaintiff may submit a Bill of Costs pursuant to Rule 54(d)(1) and 28 U.S.C. § 1920.